**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

              **Plaintiff,**

      v.                                                    12-CR-158A

**PASCUAL GIOVANNY NAVARRO-GONZALEZ,**

              **Defendant.**
_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

**PRELIMINARY STATEMENT**

The defendant, Pascual Giovanny Navarro-Gonzalez ("the defendant"), is charged in a multi-count indictment along with two co-defendants with having violated Title 21 U.S.C. §§ 846, 856(a), 841(a)(1), 841(b)(1)( C) and Title 18 U.S.C. § 2. Dkt. #1. He has filed an omnibus discovery motion (Dkt. #48) wherein he seeks:

    1.      A Bill of Particulars;

    2.      Brady material;

    3.      Disclosure of evidence pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence ("FRE");

    4.      Disclosure of witness statements;

5. Discovery pursuant to Rule 803 of the FRE;

6. Disclosure and inspection of grand jury minutes;

7. Preservation of rough notes and other evidence; and

8. Leave to file additional motions.

The defendant has also filed a motion wherein he seeks an order "limit[ing] cross examination of the defendant" and a motion allowing "joinder of all co-defendants' motions insofar as such motions are relevant to the defendant." Dkt. #48.

Each of the above requests will be separately addressed herein.

## DISCUSSION AND ANALYSIS

**1. Demand For Bill Of Particulars:**

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for a bill of particulars seeking detailed information and descriptions of the times, places and events as well as alleged participants of the conspiracy as alleged in Count 1 of the Indictment.

However, the defendant has failed to provide any real basis as to why it is necessary that such information be provided. He merely sets forth a string of legal citations in support of his demand.

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment, along with the discovery materials provided by the government clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v.

Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, 2007 WL 4103679 (2d Cir. 2007).

### 2. Demand For Brady Material:

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa* at 146. The prosecution is obligated to disclose and turn over *Brady* material to

the defense "in time for its effective use." *Coppa* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 3. Demand For Rules 404(b), 608 and 609 FRE Information:

Rule 404(b) F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 FRE is best left to the determination of the trial judge at the time of trial.

Rule 608 F.R.E. does not contain a required pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make

any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is DENIED.

4. **Discovery Pursuant To Rule 803 FRE:**

The defendant requests production of "any hearsay statements which the government will offer at trial pursuant to FRE 803(24)."  The defendant erroneously cites Rule 803(24), since that provision has been transferred to Rule 807 FRE, and the Court will treat his request as having been made pursuant to Rule 807 FRE.

This request is DENIED on the basis that it is moot by reason of the requirements contained within Rule 807 of the FRE wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

5. **Disclosure And Inspection Of Grand Jury Minutes:**

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy."  *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959).  The assertion of the defendant as to his "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by him.  It

is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. § 3500. Therefore, his request is DENIED.

**7.     Preservation of Rough Notes And Other Evidence:**

The defendant seeks to have all evidence relating to the "investigation of the defendant in this case" preserved as well as the preservation of "all rough notes taken" in the "investigation of the defendant in this case." This is an overly broad request for which there is no legal support. However, in the body of this particular request, it appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials preserved. The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* and Rule 16 Fed. R. Crim. P. Material in this case.

### 8. Leave To File Additional Motions:

The defendant requests leave to file any additional motions "which may become necessary as a result of disclosures made in communications with this motion or a similar motion of a co-defendant."

This request is GRANTED subject to the limitations as contained in the aforesaid quote.

### 9. Joinder In Co-Defendant's Motions:

The defendant "seeks to join any co-defendant's motion, insofar as such motion, or such request for relief within such motion, is relevant to the defendant."

This request is GRANTED with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the omnibus motion in which this defendant joins, shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**10.    Limiting Cross Examination Of The Defendant:**

The defendant requests, "pursuant to Rule 609 of the Federal Rules of Evidence, that the Court issue an order precluding the prosecution from cross-examining the defendant about any prior convictions or arrests" as well as "prior bad acts."

This request is DENIED without prejudice since it is a matter that is best left for the trial judge for resolution.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. See, e.g., *Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED: Buffalo, New York
April 15, 2013

     *S/ H. Kenneth Schroeder, Jr.*
     **H. KENNETH SCHROEDER, JR.**
     **United States Magistrate Judge**